
IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-2455 -L** |
| | § | Consolidated with 3:11-CV-1038 -L |
| **MORRIS DAVENPORT, CYNTHIA** | § | |
| **DAVENPORT, DAVID DAVENPORT,** | § | |
| **and MYRA DAVENPORT,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion for Reconsideration of Summary Judgment and [to] Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) in Response to Court's Memorandum Opinion and Order of September 14, 2012. After carefully considering the motion, response, briefs, reply, record, and applicable law, the court **denies** Defendants' Motion for Reconsideration of Summary Judgment and [to] Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) in Response to Court's Memorandum Opinion and Order of September 14, 2012.

### I.     Factual and Procedural Background

The facts set forth in this section are essentially the same as those in the court's September 14, 2012 memorandum opinion and order. This action was initiated by the United States of America ("the Government") on December 28, 2009, seeking to recover erroneously issued refunds of taxes paid to Morris and Cynthia Davenport and to David and Myra Davenport (collectively, "the

Davenports") for the 2003 tax year.[1] The Government seeks to recover a total of $292,095.70 in erroneously issued refunds ($112,399 issued to David and Myra Davenport, and $112,398 issued to Morris and Cynthia Davenport) plus additional allowable interest on the refunds pursuant to 26 U.S.C. §§ 6602, 6621 and 28 U.S.C. § 1961(c)(1). The Government also contends that it is entitled to a ten percent surcharge under 28 U.S.C. § 3011 for its efforts in recovering the refund or debt, as well as interest allowable by law. On May 18, 2011, the Davenports brought a related action against the Government, Case No. 3:11-CV-1038-L, seeking a refund pursuant to section 41 of the Internal Revenue Code for certain qualified research tax credits that they contend the Internal Revenue Service ("IRS") wrongfully disallowed for the 2002 tax year. Morris and Cynthia Davenport seek a refund of $98,449, and David and Myra Davenport seek a refund of $98,449. In addition, the Davenports seek interest, costs, and attorney's fees allowable by law. By order dated June 8, 2011, the two actions were consolidated.

Morris Davenport and David Davenport are 50 percent shareholders in Burly Corporation ("Burly"). Burly manufactures residential metal roofing and stand-alone metal buildings through its subsidiary, Mueller Supply Company Inc. ("Mueller"), which was purchased by the Davenport family in 1984. On September 8, 2006, and October 14, 2006, the Davenports filed amended tax returns for the 2002 and 2003 tax years in which they claimed tax credits for expenses incurred in 2002 and 2003 in conjunction with software developed to manage, automate, and integrate all aspects of Mueller's business, including automation and integration of manufacturing, design, sales, accounting, and shipping. The Davenports refer to this undertaking as the OneWorld Project and

---

[1] The court recognizes that both parties have asserted claims in this action, and, thus, both are plaintiffs and defendants; however, to avoid confusion, the court will refer to the Government as "Pl." and the Davenports as "Defs." for purposes of citing to the parties' pleadings, briefing, and evidence.

**Memorandum Opinion and Order – Page 2**

the resulting software system that was developed for use by Mueller as the OneWorld system ("Mueller OneWorld System"). The Governments' refund claim is based on tax credits claimed by the Davenports for 2003 in conjunction with the OneWorld Project.

The Government rejected the research credits claimed by the Davenports for the 2002 tax year and contends that it erroneously refunded the amounts claimed by the Davenports for the 2003 tax year because no audit was performed in processing the Davenports' 2003 claims. As explained herein, the Davenports contend that the Government's refund claim as to David and Myra Davenport is untimely. It is undisputed that the IRS mailed a refund check for the 2003 tax year to David and Myra Davenport on December 28, 2007. The refund check to Morris and Cynthia Davenport for the 2003 tax year was mailed on June 27, 2008.

The Government generally contends that the OneWorld Project involved mere adaptation of existing commercially available software and quality control type testing, whereas the Davenports maintain that the Project involved a complex process of custom software design, customization, testing, and implementation. It is undisputed that the Mueller OneWorld System was created using a J.D. Edwards OneWorld software application suite ("JDE OneWorld") that is commercially available and used for enterprise resource planning and has a number of modules for finance, accounting, manufacturing, distribution, human resources, and other applications. Pl.'s App. 3.

It is also undisputed that Mueller purchased a license from International Business Machines ("IBM") for an ERP Bridge. According to IBM corporate representative Neal Horner ("Horner"), the ERP Bridge is data collection software that consists of base code developed for all of IBM's customers that is used as a starting point and customized to meet a particular customer's needs. *Id.* 10, 11, 30. Among other things, the ERP Bridge is used to interface with the JDE OneWorld system

**Memorandum Opinion and Order – Page 3**

and run the terminals and wireless devices that are nonspecific to any particular customer. *Id.* 28. By "customization," Horner meant changing code or "writing computer programs" from scratch. *Id.* 25, 31. "Configuration," on the other hand, referred to selecting what is already there and filling in options without changing the computer code or instructions. *Id.* 25.

After filing 1120S tax forms for 2002 and 2003, the Davenports contracted with alliantgroup L.P. ("alliantgroup") on March 17, 2006, to perform "Research and Development Tax Credit Services" and a study to determine if Burly was eligible for qualified research tax credits.[2] *Id.* 295-99. Based on the advice of alliantgroup, the Davenports filed amended tax returns for 2002 and 2003 to claim credits for "in-house research" and "contract research" expenses under 26 U.S.C. § 41(b). Defs.' Compl. 1, ¶ 15. The Government contends, and the Davenports appear to agree, that the tax credits claimed by the Davenports for 2002 and 2003 are limited to wages paid to Mueller employees and outside contract employees, who assisted in developing the Mueller OneWorld System, but do not include expenses related to any services performed by IBM or J.D. Edwards consultants. *See* Pl.'s Mot. 4 (citing the deposition testimony of Mueller employee and Burly officer Phillip Arp ("Arp") at Pl.'s App. 44-46, 53); Defs.' Mot. 7 (citing Arp deposition at Defs.' App. 3). According to Arp, only expenses for the four contractors listed in deposition exhibit 165 (Pl.'s App. 357-58) were included in the credits claimed by the Davenports. These contractors include Steve Wilburn, Tracy Leaks, Ronald Hartin, and Shannon Bailey, who all worked on the OneWorld Project.

On November 18, 2011, the Government moved for summary judgment on its 2003 refund claim and the Davenports' claims for 2002 tax credits that were allegedly wrongfully disallowed. The Davenports also moved for partial summary judgment regarding the legal standards that apply

---

[2] Alliantgroup is also acting as the Davenports' counsel in this action.

**Memorandum Opinion and Order – Page 4**

to the parties' claims. On January 26, 2012, pursuant to the court's request, both parties submitted additional briefing and evidence in conjunction with the summary judgment motions regarding: (1) whether a refund was paid to the Davenports for the 2003 tax year; (2) the amount of the refund paid; and (3) whether the Government's refund action was timely.

After conducting a lengthy analysis of the parties' briefing, contentions, and all of the evidence submitted by them, the court concluded that no genuine dispute of material fact existed regarding the Government's 2003 refund claim or the Davenports' 2002 qualified research credit claim under the Internal Revenue Code, and that the Government was entitled to judgment as a matter of law. On September 14, 2012, the court therefore entered a memorandum opinion and order granting the United States' Motion for Summary Judgment, denying Defendants' Motion for Partial Summary Judgment, and dismissing with prejudice the Davenports' claims. The Davenports now seek reconsideration of the court's September 14, 2012 memorandum opinion and order and judgment pursuant to Federal Rule of Civil Procedure 59(e).

## II.     Standard Applicable to Rule 59(e) Motions

A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). Such motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted). It may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59(e) motion may not raise arguments or present evidence that could have been raised prior to entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th

Cir. 1990) (citation omitted). When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Stated another way, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

### III.   Discussion

In their Rule 59(e) motion, the Davenports contend that the court misstated and misapplied the "uncertainty at the outset" standard because: (1) evidence in the summary judgment record creates a genuine dispute of material fact as to when the outset of research occurred; (2) consistent with the "shrinking-back rule," research can begin at multiple points in time; and (3) the incorrect uncertainty standard was used, and the standard applied is inconsistent with the final regulations in Treasury Decision 9104 and the Fifth Circuit's interpretation of the uncertainty prong in *United*

**Memorandum Opinion and Order – Page 6**

*States v. Ferrin*, 570 F.3d 672 (5th Cir. 2009), and *Union Carbide Corporation and Subsidiaries v. Commissioner*, 97 T.C.M. (CCH) 1207 (2009). The Davenports also contend that, even according to the court's interpretation, there existed uncertainty at the outset of research to satisfy the statute. In addition, the Davenports assert that their expenses constitute a process of experimentation under the applicable regulations.

      The Government counters that the court should not consider the evidence relied on by the Davenports in support of their Rule 59(e) motion because this evidence was previously available but not cited by the Davenports when the parties' summary judgment motions were briefed. Alternatively, the Government contends that, even if the court considers this evidence, the Davenports' motion still fails because they have not established a manifest error of law or fact. The Government contends that the court applied the correct standard for uncertainty that was advocated by both parties and did not err in determining whether uncertainty existed at the outset. The Government asserts that the Davenports' contention, based on the "shrinking-back rule," that research can begin at multiple points in time is inconsistent with their prior position that uncertainty must exist at the outset of research. The Government also contends that the Davenports have not identified, under the shrinking-back rule, the "next discrete possible business component" or how it constituted qualified research, and that the evidence relied on by them does not support a different result from that reached by the court. Pl.'s Resp. 6. The Government further asserts that the court correctly determined that the Mueller OneWorld Project did not involve a process of experimentation because no uncertainty existed at the outset of the Davenports' research activities, and it disputes the Davenports' characterization of the court's analysis of this issue.

**Memorandum Opinion and Order – Page 7**

As previously noted, the court, in ruling on the parties' respective motions, conducted a lengthy analysis of the parties' legal and factual contentions. The court also spent considerable time carefully reviewing *all* of the evidence submitted by both parties, including evidence in the record that was not previously cited or relied on by either party. Accordingly, the court, in ruling on the parties' summary judgment motions, considered the evidence now relied on by the Davenports in support of their Rule 59(e) motion, although none was previously cited by them in response to the Government's summary judgment motion. After reviewing the parties' evidence, the court concluded that the Government had met its burden with regard to its claims, as well as the Davenports' claims, and that the Davenports had not raised a genuine dispute of material fact in response to the Government's motion. As noted in the court's prior opinion, the Davenports contended that there was ample evidence to support their position that the activities and expenses claimed by them constitute qualified research, but they relied solely on conclusory arguments without offering or citing to any evidence in the record in response to the Government's motion. As the Davenports do not point to any new evidence not already considered by the court, the court disagrees that genuine disputes of material fact exist and concludes that the Davenports have not established a manifest error of fact.

After carefully considering the Davenports' legal arguments, the court similarly concludes that they have not established a manifest error of law. A significant portion of the court's prior opinion was dedicated to addressing the applicable legal standards and the application of those standards to the parties' claims, which included extensive discussion of the holdings in *Ferrin* and *Union Carbide*. Mem. Op. and Order 10-14, 17-34. Further, to the extent that the legal arguments asserted now by the Davenports were not previously asserted or are contrary to those previously

**Memorandum Opinion and Order – Page 8**

asserted, the court declines to consider them. *See Marseilles Homeowners Condo. Ass'n v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (concluding that the "district court did not abuse its considerable discretion in denying Marseilles the opportunity to raise the claim after judgment" that could and should have been made before judgment was entered); *Ervin v. Sprint Commc'n Co. LP*, 364 F. App'x 114, 118 n.4 (5th Cir. 2010) (unpublished) (concluding similarly that Rule 59(e) "'cannot be used to raise arguments which could, and should, have been made before the judgment issued.' A legal argument not raised in opposition to summary judgment but improperly raised for the first time in a Rule 59(e) motion is still waived because such an argument was never properly before the district court.") (citing and quoting *Simon*, 891 F.2d at 1159). Accordingly, having determined that no manifest error of law or fact is present, and that no newly discovered evidence has been presented, the court determines that denial of Defendants' Rule 59(e) motion is appropriate.

## IV.   Conclusion

For the reasons herein stated, the court **denies** Defendants' Motion for Reconsideration of Summary Judgment and [to] Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) in Response to Court's Memorandum Opinion and Order of September 14, 2012.

**It is so ordered** this 16th day of May, 2013.

Sam A. Lindsay
United States District Judge